RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5 / 10 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VINCENT A. SIMMONS | DOCKET NO. 10-CV-1689; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN, LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Pro se petitioner, Vincent A. Simmons, filed this *pro se* petition for *writ of habeas corpus* (28 U.S.C. § 2254) attacking his 1977 convictions for attempted aggravated rape in Louisiana's Twelfth Judicial District Court, Avoyelles Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the petition be dismissed.

*Background*

The petition currently before the court is a second or successive petition under 28 U.S.C. §2244. "It is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing Felker v. Turpin, 518 U.S. 651, 655-58,

1

662-63 (1996).

Petitioner filed another 2254 petition in this Court on June 10, 1994, which was dismissed without prejudice. Simmons v. Warden, 1:94-cv-1064 (WDLA). On October 10, 1996, the Fifth Circuit denied Petitioner motion to file successive habeas petitions. In Re: Simmons, 96-267. On September 7, 2006, the Fifth Circuit again denied Petitioner's motion to file successive habeas petitions, and this time imposed sanctions on Petitioner. In Re: Simmons, 06-30677. In 2010, the petitioner again moved for authorization to file a successive 2254 petition. Again the Fifth Circuit denied the motion. A sanction warning was issued. In Re: Vincent Simmons, 10-31049.

Still, Petitioner filed in this Court, again, a successive habeas petition without authorization from the Fifth Circuit.

### *Law and Analysis*

As Petitioner knows, before this petition may be considered by this Court, he is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. §2244(b)(3). The record is clear that Petitioner has not received such authorization. Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.

Accordingly, **IT IS RECOMMENDED** that Petitioner's successive petition for writ of *habeas corpus* be **DISMISSED**. Petitioner should

not file another Section 2254 motion until her receives *prior* authorization from the Fifth Circuit Court of Appeal.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE